BEFORE THE FIRST DIVISION, MAY 5, 1955

**No. 59024.**—Damrak Trading Co., Inc. *v.* United States, protests 185461–K, 193703–K, and 195499–K (New York).

MOLLISON, Judge: These protests have been limited to merchandise described on the invoices as "bathroommats" and as "floormats," which was assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 1537 (b) of the Tariff Act of 1930 for manufactures of india rubber, not specially provided for. The protest claim in each case is for duty at the rate of 20 per centum ad valorem under the provisions of paragraph 1021 of the same act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for—

All other floor coverings not specially provided for [except felt-base floor coverings].[1]

As represented by plaintiff's illustrative exhibit 1, the merchandise involved appears to be rubber mats, approximately 20 by 30 inches in surface area and about one-eighth of an inch thick, in various colors, and having a corrugated nonskid design thereon. There does not seem to be any question, both from their appearance and from the uncontroverted evidence offered at the trial, but that the articles are floor mats. There is evidence that they are used on the floors of kitchens and various places in the household and on porches. While each of the witnesses who testified stated that he had never seen them used in bathrooms, there does not appear to be any reason why they should not be used in bathrooms. The point does not seem to be important, however, it being very clear that the articles at bar are rubber floor mats of the kind that are customarily and ordinarily walked upon with shoes.

It seems also very clear that, except for the fact that the mats at bar do not have any advertising matter contained on them, they are similar in material, size, texture, and design to the rubber advertising floor mats which were the subject of decision in the case of *United States* v. *Inter-Maritime Forwarding Co., Inc.*, 41 C. C. P. A. (Customs) 107, C. A. D. 537. The principal use of the mats there involved was shown to be as an advertising medium, the use as a floor covering being merely incidental thereto, and it appears to be largely upon that basis that our appellate court held that the mats there involved were not properly classifiable within the provisions of paragraph 1021 for floor coverings.

In that respect, the merchandise at bar differs from that involved in the cited case, for the merchandise before us has no function except as a floor covering. There is testimony that it is used in the same manner and in the same places as felt-base rugs, or mats, or rag rugs are used.

We think there can be no doubt but that the merchandise at bar would be correctly described as a floor covering. It is the defendant's contention, however, that the general provision for "all other floor coverings," under which plaintiff claims, is limited by the rule of *ejusdem generis* to such floor coverings as are of the class or kind of the particular floor coverings enumerated in the series in paragraph 1021, *supra*, preceding the general words quoted, viz:

Common China, Japan, and India straw matting, and floor coverings made therefrom * * * Carpets, carpeting, mats, matting, and rugs, wholly or in chief value of flax, hemp, or jute, or a mixture thereof * * *.

Cited in support of this contention are the cases of *Inter-Maritime Forwarding Co., supra*, and *Gimbel Bros., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 146, T. D. 47111. The *Gimbel Bros., Inc.*, case involved sponge rubber bathmats used as a bathing accessory on the floor of bathrooms and not left upon the floor when not in use and not suitable to be walked upon with shoes. Like the rubber advertising floor mats in the *Inter-Maritime Forwarding Co.* case, the sponge rub-

---

[1] The entire text of paragraph 1021, as modified, reads as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1021 | Common China, Japan, and India straw matting, and floor coverings made therefrom | 1¼¢ per sq. yd. |
| 1021 | Carpets, carpeting, mats, matting, and rugs, wholly or in chief value of flax, hemp, or jute, or a mixture thereof | 17½% ad val. |
| 1021 | All other floor coverings not specially provided for: | |
| | Felt-base | 12½% ad val. |
| | Other | 20% ad val. |

ber bathmats were held to have a principal use, to wit, as a bathing accessory other than as a floor covering, and to be outside the purview of paragraph 1022 of the Tariff Act of 1922, the predecessor to paragraph 1021, *supra,* the material language of which was identical in both provisions.

In contradistinction, the merchandise before us quite obviously, and according to the evidence, has not other use than as a floor covering. According to the uncontroverted evidence, it is used in the same manner as felt-base rugs or mats are used, and felt-base floor coverings are presumably within the purview of paragraph 1021, inasmuch as they are specifically named in the modification of that paragraph, effected by the President's proclamation issued in relation to the General Agreement on Tariffs and Trade, T. D. 51802.

In both the *Gimbel Bros., Inc.,* and *Inter-Maritime Forwarding Co.* cases, however, our appellate court,· after pointing out that the *use* of the articles there involved differed from the customary use of floor coverings, such as are provided for in paragraph 1021, *supra,* pointed out also that the articles differed from such floor coverings in *material* and *texture* as well. It would appear that the court considered those facts to be corroborative of the conclusion it reached on the basis of differing *use* that the articles were not classifiable under paragraph 1021.

We do not understand thereby that our appellate court determined that, in order to be of the same class or general nature, under the *ejusdem generis* rule, as the particular items specified in the statute, the general items covered by the term "all other floor coverings" would have to be of the same or similar *material* and *texture,* as well as use, as the particular items named.

As has been shown, the sole use of the articles at bar is the same as the use of those enumerated in paragraph 1021, viz, as floor coverings. It must be admitted that if similarity in material and texture to the particular articles named in paragraph 1021 are controlling factors in the classification of articles under the general provision "all other floor coverings not specially provided for," the articles at bar are not similar in material and texture to the vegetable substances, such as straw, flax, hemp, or jute, named as materials for the particular articles enumerated in the provision.

In our opinion reported as *Inter-Maritime Forwarding Company, Inc.* v. *United States,* 29 Cust. Ct. 122, C. D. 1456, at pages 124–126, we referred to the use of the words "all other" in the language of the general floor coverings provision and to certain legislative history as well as contemporaneous development of the provision, which indicated to us that it was not the legislative intent to limit the application of the term "all other floor coverings not specially provided for" to such floor coverings as were of the same class or general nature as carpets, carpeting, mats, matting, and rugs, made wholly or in chief value of straw, flax, hemp, or jute, or a mixture thereof.

On appeal from our decision, the Court of Customs and Patent Appeals took the view, as has been stated, that the articles there involved were not floor coverings, because their principal use was as advertising media rather than as floor coverings. *United States* v. *Inter-Maritime Forwarding Co., Inc.,* 41 C. C. P. A. (Customs) 107, C. A. D. 537, *supra.* That view, of course, is as controlling under the doctrine of use as it would be under the *ejusdem generis* rule. Although the holding was connected in the headnote with the latter rule, it does not appear from a reading of the body of the opinion that the court was necessarily applying the *ejusdem generis* rule in so ruling.

For the reasons stated in our opinion in the *Inter-Maritime Forwarding Company, Inc.,* case, *supra,* we are satisfied that the *ejusdem generis* rule, at least to the extent of requiring similarity in material and texture, is not applicable to the determination of the classification of the merchandise at bar. As the floor coverings provision is a designation by use, and as the use of the merchandise at bar is within

that designation, and as the merchandise is not otherwise excluded from the provision, and as that designation is more specific than the more general provision for manufactures of rubber, not specially provided for, under which the merchandise was classified by the collector, we sustain the protest claim as to the merchandise to which the protests at bar has been limited. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will issue accordingly.

DISSENTING OPINION

OLIVER, Chief Judge: In dissenting from the majority opinion, I do so under the authority of *Gimbel Bros., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 146, T. D. 47111; *United States* v. *J. L. Hudson Co.*, 23 C. C. P. A. (Customs) 313, T. D. 48177; and *United States* v. *Inter-Maritime Forwarding Co., Inc.*, 41 C. C. P. A. (Customs) 107, C. A. D. 537. In all of those cases, our appellate court, in effect, held that the classification of merchandise under the provision for "all other floor coverings" in paragraph 1021 of the Tariff Act of 1930 is controlled by the principle of *ejusdem generis*.

In the *Gimbel Bros., Inc.*, case, *supra*, the court had before it certain sponge rubber mats that were assessed with duty under paragraph 1022 of the Tariff Act of 1922, which was the predecessor to paragraph 1021 of the Tariff Act of 1930 that is involved herein. The provision for "all other floor coverings" is identical in both paragraphs. Those mats were claimed to be properly dutiable under paragraph 1439 of the Tariff Act of 1922 as manufactures of india rubber. The case had been submitted on an agreed set of facts, showing that the mats there under consideration "first appeared in trade and commerce in the year 1925." The articles were designed to be used, and chiefly used, on the floors of bathrooms. While the use of the merchandise was a consideration by the appellate court in its decision, the rule of *ejusdem generis* was invoked in reaching its conclusion. The court stated:

It seems obvious that the use of the article here involved differs from the customary use of such articles as the paragraph specifically names, such as floor coverings, made from straw matting, and carpets, carpetings, etc., made wholly of cotton, flax, hemp, or jute, or a mixture thereof. * * *

   *        *        *        *        *        *

In view of the fact that the article differs so greatly in material, texture, and use from the articles admittedly involved in paragraph 1022, and, in view of the statements of the stipulation, we feel constrained to differ with the trial court as to its proper classification.

Tariff acts are, of course, made for the future, but when an article entirely new enters commerce after the passage of an act, we do not feel that it must necessarily be classified in a paragraph simply because, in a literal sense, it may be described therein. Other considerations are proper. *This article does not compete in any way with other articles provided for in schedule 10, or, to be more specific, in paragraph 1022.*

That it is a manufacture of india rubber admits of no doubt, and we think it more properly classifiable as such, under paragraph 1439 of the Tariff Act of 1922. [Italics supplied.]

The *Inter-Maritime Forwarding Co., Inc.*, case, *supra*, also involved rubber mats. The Court of Customs and Patent Appeals quoted with approval the foregoing excerpt from the *Gimbel Bros., Inc.*, case, *supra*, and then added:

Application of the above principles to the facts here convinces us that the involved mats cannot properly be classified within the provisions of paragraph 1021, *supra*.

The *J. L. Hudson Co.* case, *supra*, involved "Fur rugs—lined." The court excluded those rugs from classification under the provision for "all other floor

coverings" in paragraph 1021 of the Tariff Act of 1930, and held them to be properly dutiable as articles, wholly or in chief value of fur, under paragraph 1519 (e) of the said act. In reaching its conclusion, the appellate court applied the rule of *ejusdem generis*, and, after citing with approval the *Gimbel Bros., Inc.*, case, *supra*, stated:

Paragraph 1021, *supra*, is contained in Schedule 10, entitled, "FLAX, HEMP, JUTE, AND MANUFACTURES OF", and particularly provides for matting, floor coverings, mats, and rugs composed in chief value of vegetable fiber or a mixture thereof.

We are of opinion, therefore, that the general provisions for all other floor coverings, not specially provided for, contained in that paragraph were intended by the Congress to be restricted to articles *ejusdem generis* to those thereinbefore enumerated and described, and that it was intended that articles such as those here involved should be dutiable under the provisions of 1519 (e), *supra*.

It is my opinion that the doctrine of *ejusdem generis*, as it was invoked in the three cited cases, has equal application herein. Applying that principle to the present issue, the rubber floor mats in question should be excluded from the provision for "all other floor coverings" in paragraph 1021, as amended by T. D. 51802, under which plaintiff seeks classification. They are properly classifiable as manufactures of india rubber under paragraph 1537 (b) of the Tariff Act of 1930, as assessed by the collector. The protests should be overruled and the decision of the collector affirmed.